IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRILLIANT COLORS DIGITAL, PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> CENTURION ART DEVELOPMENT, LLC, RUSSELL DWAYNE MASON, and LEON GUOLIANG WANG, <br><br> Defendants. | Case No. 12-00594 SC <br><br> ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

Plaintiff Brilliant Colors Digital, Pte. Ltd. ("Plaintiff") brings this action in its own right and as assignee of the rights and claims of Massive Black, Inc. ("MB"). ECF No. 1 ("Compl.") ¶ 4. MB produces concept art, 2- and 3-dimensional illustrations, and animation for the entertainment industry, and has a production studio in Shanghai, China ("MB Shanghai"). Id. ¶¶ 10, 11. Plaintiff alleges that Defendant Leon Goliang Wang ("Wang") was MB Shanghai's director and manager. Id. ¶ 18. Plaintiff further alleges that, in 2011, Wang and Defendant Russell Mason secretly formed a new business, Defendant Centurion Art Development, LLC, to seize MB's assets and opportunities. Id. ¶ 28.

Wang now moves to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 25 ("MTD"). The motion is fully briefed, ECF Nos. 33 ("Opp'n), 37 ("Reply"), and appropriate for resolution without oral argument. For the reasons set forth below, the Court DENIES Wang's motion.

On a Rule 12(b)(2) motion such as this, "plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the Court must determine whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Id. "[U]ncontroverted allegations in the complaint must be taken as true," and "conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Id.

The Court finds that Plaintiff has satisfied its prima facie burden here. Wang argues that the Court lacks jurisdiction because he resides exclusively in the People's Republic of China, does not conduct business in California, does not own property in California, does not pay taxes in California, and has never owned an office in California. MTD at 7. However, these facts are not dispositive since (1) Wang was personally served with process in California; and (2) Wang contractually agreed to be subject to jurisdiction in this forum.

With respect to the first point, Wang was personally served in San Francisco, California on March 8, 2012. ECF No. 8 ("Proof of Service"). Under prevailing Supreme Court precedent, in-state personal service is sufficient to establish personal jurisdiction.

Burnham v. Super. Ct., 495 U.S. 604, 619 (1990); see also Water Wheel Camp Recreational Area, Inc. v. LaRance, 642 F.3d 802, 819 (9th Cir. 2011). Wang concedes that he was served in San Francisco while attending a multi-day conference, but he argues that his "presence in California is limited and attenuated such that the exercise of jurisdiction would be unreasonable." Reply at 4. The Supreme Court considered and rejected a similar argument in Burnham:

> The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of "traditional notions of fair play and substantial justice." That standard was developed by analogy to "physical presence," and it would be perverse to say it could now be turned against that touchstone of jurisdiction.

495 U.S. at 619. Accordingly, the Court finds that the exercise of personal jurisdiction is proper because Wang was served in the forum.

The exercise of personal jurisdiction is also appropriate because Wang entered into a "Confidentiality and Invention Assignment Agreement" (the "Confidentiality Agreement") with MB which provides for exclusive jurisdiction in California:

> Any dispute that arises under or relates to this Agreement (whether contract, tort, or both) shall be resolved in Federal or State court with jurisdiction for the County of San Francisco, State of California, and the parties expressly waive any right they may otherwise have to cause any such action or proceeding to be brought or tried elsewhere.

ECF No. 34 Ex. B. ¶ 14. Forum selection clauses, such as the one in the Confidentiality Agreement, are presumptively valid and evidence consent to personal jurisdiction in the forum selected.

3

Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1052 (N.D. Cal. 2010). "The party disputing the validity of a forum selection clause bears the burden of proving the clause is unenforceable." Id.

Wang argues that his contract for services with MB was illegal under Chinese law and, therefore void. Reply at 2. Specifically, Wang contends that, as a foreign business holding a resident representative office in China, MB could not legally employ Chinese citizens, such as Wang, to perform any profitable development work in China. Id. However, Wang has failed to point to any Chinese authority which would support this contention. Instead, he merely cites to his own declaration. Wang is not a lawyer and, in any event, his legal opinions are not binding on this Court. Further, even if MB and Wang's employment relationship were illegal, it is unclear why that would affect the enforceability of the Confidentiality Agreement. Accordingly, the Court finds that Wang has failed to meet his burden of proving that the forum selection clause in the Confidentiality Agreement is unenforceable.

For the foregoing reasons, the Court DENIES Defendant Leon Goliang Wang's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: December 5, 2012

UNITED STATES DISTRICT JUDGE