Lisa Tan, Esq. (SBN 228326)
Megan Lee, Esq. (SBN 247382)
RUSSAKOW, GREENE & TAN, LLP
800 E. Colorado Blvd., Suite 210
Pasadena, California 91101
Telephone:  (626) 683-8869
Facsimile:   (626) 683-8870
Email: ltan@rgt-law.com

Attorneys for Defendants, CENTURION ART DEVELOPMENT, LLC, RUSSELL DWAYNE MASON, and LEON WANG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRILLIANT COLORS DIGITAL, PTE. LTD., a Singapore private limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURION ART DEVELOPMENT, LLC, a Delaware limited liability company; RUSSELL DWAYNE MASON, an individual; and LEON GUOLIANG WANG, an individual,<br><br>Defendants. | CASE NO.  3:12-cv-00594 SC<br><br>**STIPULATION FOR PROTECTIVE ORDER; [PROPOSED] ORDER** |

**TO THE HONORABLE COURT AND ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

Under Federal Rule of Civil Procedure 26(c), Plaintiff BRILLIANT COLORS DIGITAL PTE, LTD on the one hand, and Defendants CENTURION ART DEVELOPMENT, RUSSELL DWAYNE MASON AND LEON GUOLIANG WANG, on the other hand (collectively, "Parties"), hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order governing the production, use and disclosures of confidential information in this action:

1. The Parties recognize that the subject matter of the captioned action may involve the production of documents or evidence containing trade secrets and other proprietary information which might otherwise be protected from disclosure by certain privileges. Nonetheless, the Parties recognize that such documents or other evidence might be relevant to the issues raised by the pleadings herein. Accordingly, the Parties desire to mutually agree to certain terms under which copies of potentially relevant documents or evidence may be produced during the course of this case while at the same time respecting the confidential nature of those documents or evidence.

2. This Stipulated Protective Order ("Order") is designed to allow for the limited production of documents and evidence to be used in the course of this litigation, and where so designated, solely for purposes of settlement. To the extent that any Party or non-party considers certain documents or evidence, including but not limited to discovery responses, deposition testimony, documents obtained by inspection of files or facilities or by production of documents, to be confidential or privileged from disclosure, that party may designate such documents or evidence as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or 'CONFIDENTIAL –SETTLEMENT PURPOSES ONLY"(collectively, "PROTECTED INFORMATION"). A Party shall make such a designation in good

1  faith, considering the following: (a) whether the documents or evidence contain
2  trade secrets, or other confidential, competitive or proprietary business information
3  used by that Party in connection with its business; (b) whether the documents or
4  evidence contain information concerning that which the Party takes appropriate
5  steps to keep confidential, or which the Party is otherwise required to keep
6  confidential by agreement or law; (c) whether the documents or evidence contain
7  private and/or privileged information, the protection of which overcomes the right of
8  public access to the documents or evidence; (d) whether the documents or evidence
9  contain private and/or privileged information, the sealing of which would advance
10 an overriding interest in protecting the private and/or privileged information; (e)
11 whether the documents or evidence contain private and/or privileged information –
12 the revelation of which – would in substantial probability prejudice the overriding
13 interest in protecting the information; (f) whether sealing the documents or evidence
14 in a narrowly tailored manner would protect the private and/or privileged
15 information; and (g) whether less restrictive means exist to achieve the overriding
16 interest short of sealing the information

     a. "Document" shall include any papers, transcripts, tapes, documents, disks, diskettes, CDs and DVDs, video or audio files, physical or electronic or digital copies or recordings, and other tangible things produced by any person in connection with this litigation, and shall include, without limitation, all original written, recorded (sound or video) or graphic matters and all identical or non-identical copies thereof.

     b. "Transcript" shall mean any stenographic or verbatim recording of an interview, sworn statement, deposition or hearing.

3. Documents or evidence designated as "CONFIDENTIAL" may be disclosed only to the following persons:

STIPULATION AND [PROPOSED] ORDER

   a. Counsel of any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm, and all paralegal assistants, stenographic or clerical employees thereof when operating under the supervision of such partners, associates or of-counsel attorneys;

   b. Independent experts or consultants who have been retained by any Party or a Party's counsel for the purpose of expressing an opinion at the time of trial or whose advice and consultation are being used in connection with this litigation, as well as any staff members employed by an independent expert or consultant provided that the expert signs the ACKNOWLEDGMENT attached hereto;

   c. Court reporters and videographers transcribing any depositions, hearing or trial in this matter;

   d. Any party to this action, including but not limited to any partner, employee or representative thereof;

   e. Any witnesses who appear for deposition or trial in this matter may be shown such documents or evidence at the time of their depositions, or in preparation for their depositions, upon the witness' execution of the ACKNOWLEDGMENT. In the event a deponent does not execute the ACKNOWLEDGMENT prior to the commencement of his or her deposition, no information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shown to the deponent, and his or her deposition shall not be considered complete until the deposing party has an opportunity to raise the issue with the Court. No witness being deposed shall receive any copies of Protected Material from a source other than the witness.

   a. The Court and Mediator personnel, so long as the documents or evidence are submitted under seal in connection with a motion, hearing, application, trial, or other proceeding;

1  b. Outside copy and litigation support vendors; and

2  c. Such other individuals as the Parties may stipulate in writing.

3  4. Documents or evidence designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" may be disclosed only to the following persons:

5  a. Counsel of any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm, and all paralegal assistants, stenographic or clerical employees thereof when operating under the supervision of such partners, associates or of-counsel attorneys;

9  b. The Court and Mediator personnel, so long as the documents or evidence are submitted under seal in connection with a motion, hearing, application, trial, or other proceeding;

12  c. Independent experts or consultants who have been retained by any Party or a Party's counsel for the purpose of expressing an opinion at the time of trial or whose advice and consultation are being used in connection with this litigation, as well as any staff members employed by an independent expert or consultant provided that the expert signs the ACKNOWLEDGMENT;

17  d. Outside copy and litigation support vendors; and

18  e. Such other individuals as the Parties may stipulate in writing.

19  5. Documents or evidence designated as "CONFIDENTIAL – SETTLEMENT ONLY" may be disclosed only to the following persons at the time of settlement or mediation:

22  a. Counsel of any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm, and all paralegal assistants, stenographic or clerical employees thereof when operating under the supervision of such partners, associates or of-counsel attorneys;

  b. The Court and Mediator personnel, so long as the documents or evidence are submitted under seal in connection with a motion, hearing, application, trial, or other proceeding;

  c. Any party to this action, including but not limited to any partner, employee or representative thereof; and

  d. Such other individuals as the Parties may stipulate in writing.

6. ~~Each person who receives PROTECTED INFORMATION and signs~~ the Acknowledgment hereby agrees to subject himself/herself/itself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

7. The recipient of any PROTECTED INFORMATION shall maintain such documents or evidence in a safe and secure area and shall exercise the highest standard of due care with respect to the storage, custody, use, and/or dissemination of the documents or evidence.

8. The documents or evidence shall be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY" as follows:

  a. In the case of documents produced, the designation shall be made by affixing a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY" designation directly on any such record prior to production. Any such records which are not reduced to documentary or tangible form, or which cannot conveniently be designed in the manner set forth herein, shall be so designated by a written statement from the Producing Party, given prior to or at the time of production, stating that the evidence is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY". In the event that a Party inadvertently fails to so designate a document or other form

of evidence as "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY" prior to or at the time of production, the Producing Party may subsequently provide such a designation in writing as soon as the Producing Party becomes aware of the error.

   b. In the case of depositions, a designation that a portion of the transcript (including exhibits) contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY" information, shall be made by a statement to such effect either on the record in the course of the deposition, or upon review of the transcript by counsel for the Party whose privileged information is the subject of the inquiry or by the deponent; said counsel or party shall make such a designation within 30 days of the mailing of the transcript. Counsel or the deponent shall list on a separate sheet of paper the page numbers containing PROTECTED INFORMATION, and then mail that list to all counsel and any third party deponent. Pending the specification of the pages, the entire deposition transcript, including exhibits, shall be deemed PROTECTED INFORMATION. If no such designation or specification is made within 30 days after the mailing of the transcript, the transcript shall not be considered as containing any PROTECTED INFORMATION.

   c. Counsel for any party shall have the right to exclude from oral depositions, other than the deponent, court reporter and videographer, any person, including a Party or its representative, who is not authorized to receive PROTECTED INFORMATION. Such right of exclusion shall apply only to periods of examination or testimony directed to such designated documents or evidence.

  9. If any Party objects to another Party's designation of certain documents or evidence as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY"or "CONFIDENTIAL – SETTLEMENT ONLY", the Objecting Party may

1 seek a Court Order modifying or removing the designation. However, the Parties
2 shall first "meet and confer" in an attempt to informally resolve any such dispute
3 prior to seeking a Court Order. The burden of proving that the documents or
4 evidence was properly designated as "CONFIDENTIAL" or "CONFIDENTIAL –
5 ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY" shall
6 be on the Party making such designation. Notwithstanding anything in this
7 paragraph, the Parties are not obligated to challenge the propriety of such a
8 designation at the time the designation is made, and a failure to do so shall not
9 preclude a subsequent challenge thereto.

10. All transcripts of depositions, exhibits, discovery responses, pleadings, briefs, and other documents filed with the Court which have been designated as PROTECTED INFORMATION or which contain information so designated, shall be lodged and/or filed in accordance with the Local Rules of the Northern District of California, including Local Rule 7-3 et. seq, 79-5.1 et seq. and General Order Number 62.

11. A party or member of the public, or the court on its own motion, may move to unseal a record. The motion, opposition, reply, and supporting documents shall be filed according to the applicable Local Rules.

12. In the event that this matter proceeds to trial, if any Party seeks to introduce information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY", the Parties shall meet and confer regarding whether and, if so, in what manner such information can be used and presented at trial.

13. Nothing in this Order shall preclude any of the Parties from (a) showing documents or evidence designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" to an individual who either prepared, received or reviewed the documents or evidence prior to the filing of this

RUSSAKOW, GREENE & TAN, LLP
800 E. Colorado Blvd., Suite 210
Pasadena, California 91101
(626) 683-8869

8
STIPULATION AND [PROPOSED] ORDER

1  action; or (b) disclosing or using that Party's own documents or evidence for any
2  purpose.
3      14.   The terms of this Order also apply to documents or evidence produced
4  by third parties during the course of this action. Any of the Parties may designate as
5  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or
6  "CONFIDENTIAL – SETTLEMENT ONLY" on documents or evidence produced
7  ~~by a third party in accordance with the terms of this Order.~~
8      15.   Upon the final determination of this action (and all appeals), whether
9  by final non-appealable judgment, settlement or otherwise:
10         a.   Within 60 days shall, upon written request by the party that
11  produced the Protected Information, either assemble and return to the disclosing
12  party all Documents designated as CONFIDENTIAL" or "CONFIDENTIAL –
13  ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY", or
14  shall assemble and destroy all documents so designated, including all summaries or
15  other material containing or disclosing such designated information, the destruction
16  of which shall be confirmed in writing to the party that produced the documents
17  within 30 days of such a request for destruction. However, nothing herein shall
18  require any party or counsel to disclose to any other Party or counsel any materials
19  protected by the attorney-client privilege or attorney-work product doctrine even if
20  they contain another party's confidential information. Additionally, nothing herein
21  shall preclude counsel of record from maintaing one copy of all case file sin
22  connection with the action even if they have been designated CONFIDENTIAL" or
23  "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL –
24  SETTLEMENT ONLY". Counsel shall continue to treat such designated case files
25  in a manner consistent with the terms of this Order.
26         b.   In the event that counsel for a Party withdraws or the
27  engagement is terminated, counsel for the Parties shall meet and confer regarding
28

RUSSAKOW, GREENE & TAN, LLP
800 E. Colorado Blvd., Suite 210
Pasadena, California 91101
(626) 683-8869

the use, destruction and/or return of such documents designated CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY". Nothing herein shall preclude counsel of record from maintaining one copy of all case file sin connection with the action even if they have been designated CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" or "CONFIDENTIAL – SETTLEMENT ONLY". Counsel shall continue ~~to treat such designated case files in a manner consistent with the terms of this~~ Order.

16.  Inadvertent production by any Party of a document containing privileged attorney-client or other privileged communications, attorney work product immunity, or other information not subject to discovery, shall not constitute a waiver of any privilege, immunity or other right not to produce such a document. If a Party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client or work product immunity, in the event the receiving party discovers that it has received such documents, it will bring that fact to the attention of the producing party immediately upon discovery. Upon request by the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product document. Further, the receiving party must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. Return of the documents by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity.

17.  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information that is not otherwise relevant, authenticated, or admissible, or does not possess adequate foundation.

18. Any violation of the terms of this Order may, in the Court's discretion, subject the violating Party and/or its counsel to sanctions, including, but not limited to, contempt citation, monetary sanctions, evidentiary sanctions, terminating sanctions, civil damages, criminal prosecution, or any combination thereof.

19. The terms of this Order shall become binding upon the Parties hereto as of the date it is lodged with the Court, and shall continue until such time as the formal Order is issued by the Court. Should the Court reject this Order for any reason, the Parties agree to abide by its provisions until such time as the Court has approved an alternate Protective Order.

IT IS SO STIPULATED.

Dated: January 14, 2013     RUSSAKOW / GREENE & TAN

By:     /S/  MARK RUSSAKOW
Mark L. Russakow
Megan Lee
Attorneys for Defendants CENTURION ART DEVELOPMENT, RUSSELL DWAYNE MASON, AND LEON GUOLIANG WANG

Dated: January 14, 2013     VALLE & MAKOFF, LLP

By:     /S/  HEATHER LANDIS
Jeffrey T. Makoff
Heather Landis
Attorneys for Plaintiff Brilliant Colors Digital, PTE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 17, 2013

Honorable Samuel Conti

11
STIPULATION AND [PROPOSED] ORDER

# EXHIBIT "A"

## ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

This is to certify that I, the undersigned, have read and am fully familiar with the provisions of the Stipulated Protective Order filed and entered in the case *Brilliant Colors Digital PTE. LTD v. Centurion Art Development, LLC.*, et al., Case No. 3:12-cv-00594 SC (hereinafter referred to as the "Stipulated Protective Order").

As a condition precedent to the disclosure to me of any "Confidential", "Highly Confidential-Attorneys' Eyes only" or "Highly Confidential – Settlement Only" information under the terms of the Stipulated Protective Order, or my obtaining any documents containing such information, I hereby agree that the Stipulated Protective Order is binding upon me, and I further agree to keep all such material and information in the strictest confidence and otherwise to observe, comply with, and be bound by the provisions of the Stipulated Protective Order. I hereby submit to the jurisdiction of the U.S. District Court, Northern District of California, for purposes of enforcement of the Stipulated Protective Order. I understand that any violation of the terms of the Stipulated Protective Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this __ day of _____, 2013

Signature: _____

Name: _____

Address: _____

Telephone: _____

RUSSAKOW, GREENE & TAN, LLP
800 E. Colorado Blvd., Suite 210
Pasadena, California 91101
(626) 683-8869